JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 23-10331 PA<br>CR 16-644 PA<br>CR 16-645 PA | Date | December 12, 2023 |
|---|---|---|---|
| Title | Michael Watts v. United States of America | | |

| Present: The Honorable | PERCY ANDERSON, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Lynnie Fahey | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   IN CHAMBERS - ORDER

The Court is in receipt of petitioner Michael Watts' ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on December 8, 2023. Petitioner appears to challenge both the judgment and sentence that resulted in the revocation of his supervised release and also challenges his original sentence. Although Petitioner is represented by counsel in his direct appeal of the revocation of his supervised release, he has filed this Petition pro se. Petitioner's counsel, on April 17, 2023, filed a direct appeal of his conviction and sentence arising out of the revocation of supervised release proceeding. That appeal remains pending at the Ninth Circuit (9th Circuit Case No. 23-695).

The Ninth Circuit has held that "[e]xcept under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence." Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)). There are no unusual circumstances present in this case that would trigger an exception to the usual practice that "Federal prisoners must exhaust their federal appellate review prior to filing a habeas corpus petition in the district court." Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("[W]e hold that a district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition."). "[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005).

Because Petitioner has not exhausted his direct appellate review, this Court cannot entertain Petitioner's habeas petition. Because Petitioner's filing of the habeas petition was premature, the Court dismisses the habeas petition without prejudice to his refiling of an appropriate post-

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10331 PA<br>CR 16-644 PA<br>CR 16-645 PA | Date | December 12, 2023 |
|---|---|---|---|
| Title | Michael Watts v. United States of America | | |

conviction petition or motion once his direct appeal is exhausted. See id. at 686 n.9 ("[T]he district court should refrain from hearing [defendant's] 2255 motion until after he exhausts his direct appellate review . . . .")

    IT IS SO ORDERED.